HOWELL SCHOOL BOARD DISTRICT No. 9, WYACONDAH TOWNSHIP, DAVIS COUNTY, et al., appellees, v. EMORY HUBBARTT et al., appellants.

HOWELL SCHOOL BOARD DISTRICT No. 9, WYACONDAH TOWNSHIP, DAVIS COUNTY, et al., appellees, v. DEAN HERBERT et al., appellants.

No. 48712.

(Reported in 70 N.W.2d 531)

1266

June 7, 1955.

Rehearing Denied July 27, 1955.

D. W. Harris, of Bloomfield, for appellants.

Charles N. Pettit, of Bloomfield, for appellees.

Wennerstrum, C. J.—This appeal has developed by reason of two separate proceedings involving the place of school attend-

ance of the children of four families. The board of the Howell School District in Davis County, Iowa, originally determined all elementary pupils in that district should attend the school it operated. Following this action of the district board there was an appeal to the Davis County Board of Education which made certain determinations. Section 285.12, 1954 Code of Iowa. As a result of its decision there was an appeal to the state superintendent of public instruction. Section 285.12, 1954 Code. It affirmed in part and reversed in part the decision of the county board. This official decided the children of all four families involved in the appeal should attend the Bloomfield, Iowa, public schools at the expense of the Howell school district. Thereafter there was an appeal to the Davis County District Court by the Howell district school board. Section 285.12, 1954 Code of Iowa. The district court held in favor of the Howell district school board. The parties adversely affected by the trial court's decree have appealed to this court.

On July 1, 1953, the Howell district school board by resolution and order directed that all elementary pupils living in the district should attend the school within the district and that the parents of these pupils should transport their children to the district school and be compensated as provided by statute. Section 285.1(3), 1954 Code. There were various facts brought out in the several hearings relative to the conditions of the roads as they affected the several families, the proximity and availability of transportation by school bus to the Bloomfield public schools, the possibility of obtaining better educational instruction in the latter school, the age of the children affected and their condition of health, and the fact that if the children from the Howell district attended the Bloomfield school there would be a resulting increase of cost and taxes to the taxpayers of the Howell school district. It was also shown in the several hearings there was no bus service available within the school district.

Upon appeal to the Davis County Board of Education it determined the child of Emory Hubbartt and the children of Earl Stogdill should attend the Howell school. It reversed the decision of the Howell school board and determined that the children

of Dean Herbert and LaVerne McMain should be sent to the Bloomfield school.

From the decision of the Davis County Board of Education Emory Hubbartt and Earl Stogdill appealed to the state superintendent of public instruction. The Howell school board appealed from the decision relative to the children of Dean Herbert and LaVerne McMain.

The two appeals to the state superintendent of public instruction were consolidated and following a hearing before that official a ruling and decision was filed. This decision affirmed the determination of the Davis County Board of Education relative to the children of the Dean Herbert and LaVerne Mc-Main families and reversed the county board in its ruling relative to the child of Emory Hubbartt and the children of Earl Stogdill. The result of the decision of the state superintendent was that all the children affected should attend the Bloomfield public schools.

Upon appeal to the district court the parents of the children involved in this appeal presented several issues, some of which are not questioned in this appeal. There was no evidence presented before the trial court inasmuch as the parties stipulated the facts had been correctly set forth in the decisions of the Davis County Board of Education and the state superintendent of public instruction.

The trial court held: (1) that the action was triable as an ordinary action and not as an appellate proceeding and it was reviewable by it on the petition filed in that court and the stipulated facts; (2) that inasmuch as the Howell school board had its own school in operation and had designated its school for attendance by the children of the local residents, neither the county board of education nor the state superintendent of public instruction had any power or authority under the School Transportation law, or any other statute, to order the pupils sent to any other school. The four appealing parties raise as claimed errors the two rulings of the trial court as heretofore set forth.

I. Section 285.12, 1954 Code of Iowa, enacted by the Fifty-fourth General Assembly (chapter 98, section 1) (1951),

which relates to State Aid For Transportation, is as follows: "In the event of a disagreement between a school patron and the board of the school district, the patron if dissatisfied with the decision of the district board, may appeal the same to the county board of education, notifying the secretary of the district in writing within ten days of the decision of the board and by filing an affidavit of appeal with the county board of education within the ten-day period. The affidavit of appeal shall include the reasons for the appeal and points at issue. The secretary of the local board on receiving notice of appeal shall certify all papers to the county board of education which shall hear the appeal within ten days of the receipt of the papers and decide it within three days of the conclusion of the hearing and shall immediately notify all parties of its decision. Either party may appeal the decision of the county board to the state superintendent of public instruction by notifying the opposite party and the county superintendent of schools in writing within five days after receipt of notice of the decision of the county board of education and shall file with the state superintendent of public instruction an affidavit of appeal, reasons for appeal, and the facts involved in the disagreement. The county superintendent of schools shall, within ten days of said notice, file with the state superintendent of public instruction all records and papers pertaining to the case, including action of the county board of education. The state superintendent of public instruction shall hear the appeal within fifteen days of the filing of the records in his office, notifying all parties and the county superintendent of schools of the time of hearing. The state superintendent of public instruction shall forthwith decide the same and notify all parties of his decision and return all papers with a copy of the decision to the county superintendent of schools. The decision of the state superintendent of public instruction shall be subject to appeal to the district court. Any order of the district court shall be subject to appeal to the supreme court in accord with the statutes respecting appeals to that court. Pending final order made by the state superintendent of public instruction, or the district court, or the supreme court, as the case may be, upon any appeal prosecuted to such superintendent or to such courts, the

order of the county board of education from which the appeal is taken shall be operative and be in full force and effect."

This particular legislation was undoubtedly enacted following our decision in the case of County Board of Education v. Parker (1951), 242 Iowa 1, 8, 45 N.W.2d 567, wherein we construed section 285.12, 1950 Code of Iowa, which was in part as follows: " "* * * his decision shall be final'."

It is the claim of the parents here appealing the trial court should have sustained their motion to dismiss because there was no transcript filed in the district court of the proceedings before the board of the school district, the county board of education or the state superintendent of public instruction. It is further contended the court should have dismissed the appeal because it should be considered only on the transcripts of the proceedings in the various administrative bodies and was not triable as an ordinary action commenced in the district court.

On the part of the Howell school district it is maintained section 285.12, 1954 Code of Iowa, does not provide for the filing of the transcripts of the evidence introduced before the various boards or the state superintendent of public instruction, and consequently rule 368, R. C. P., is the only and proper guide on appeal to the district court and is applicable in the present case.

It will be kept in mind that in that part of section 285.12 previously quoted there is no reference to a transcript of the previous proceedings but it is provided after the decision of the state superintendent he shall "* * * return all papers * * * to the county superintendent of schools. * * *."

Rule 368, R. C. P., is as follows: "Where appeal to the district court from an action or decision of any officer, body or board is provided for by statute and the statute does not provide for the formulation of the issues either before such officer, body or board, or in the district court, the appellant shall file a petition in the district court within ten days after perfecting the appeal, or within such time as may be prescribed by the court. The appellee shall file motion or an answer to such petition within ten days thereafter, or within such further time as may be prescribed by the court. Thereafter the rules of pleading and procedure in actions in the district court shall be applicable."

This rule has no application if a statute provides for prior pleadings on an appeal. In re Application of National Freight Lines, 241 Iowa 179, 184, 40 N.W.2d 612; In re Election Contest of Burchett, 240 Iowa 1312, 1314, 39 N.W.2d 305.

There are many appeals provided for in proceedings before certain administrative boards in this state but in those situations the statutes limit the nature of the appeal to the record presented in the previous hearings. This is not the case in the present litigation and the applicable statute and rule.

In the present case the board of directors of the Howell school district, the party appealing to the district court, filed a petition in that court setting forth the facts disclosed in the several prior appeals. In the petitions it is alleged: "* * * that no other school can legally be designated for attendance where the school in the district is open.

"That the decision of the Board of Directors of the Howell School District to maintain school in that district is not subject to review, redetermination or alteration, discretion and power being vested in the board of each school district to determine whether or not school facilities are to be maintained in said district, except as to a mandatory closing because of lack of attendance, as provided in section 279.16, Code of Iowa (1950).

"That the action of the State Superintendent of Public Instruction in reversing the designation of the Howell School Board, and in reversing the decision of the Davis County Board of Education, is improper, arbitrary, without authority in law, and expressly contrary to the provisions of chapter 282 of the Code of Iowa (1950) relating to school attendance and tuition."

Attached to the petitions in the respective appeals to the district court was a copy of the decisions of the Davis County Board of Education in the respective appeals to that board and also the decision of the state superintendent of public instruction. Answers were filed in the respective appeals setting forth the contentions of the parents as heretofore noted.

At the time of the hearing of the appeal in the district court it was stipulated as follows: "It is stipulated by and between the parties hereto that with the reservation of the objection of the

appellees to the effect that there is no evidence which may be properly heard and determined by the court, the decision of the State Superintendent of Public Instruction and the decision of the Davis County Board of Education set forth the facts as they exist in all four cases, but that the appellees object to the consideration by the court of the facts as recited in the decision of the State Superintendent of Public Instruction and the Davis County Board of Education on the ground that said matters are not properly before the court, in that there is no certified record from the State Superintendent of Public Instruction or the Davis County Board of Education, or the Howell School Board; and, furthermore, that the State Superintendent of Public Instruction and the Davis County Board of Education are not parties to this proceeding and are necessary parties to the appeal if any determination is to be made by the court; and, furthermore, that the appellants are not entitled to a trial de novo, as the matter is strictly one of appeal."

The following record was also made:

"The Court: Is there any other evidence besides the facts as stipulated here to be offered in evidence?

"Mr. Pettit: Not by the appellants, Your Honor.

"The Court: You have no evidence (to Mr. Harris)?

"Mr. Harris: I am not going to offer any, Your Honor."

We hold there is no provision in section 285.12, 1954 Code, for the filing of the transcript of the proceedings before the state superintendent of public instruction in the district court on appeal. It is also our holding the statute does not provide for the formulation of the issues before that official and that the school district properly followed the provisions of rule 368, R. C. P., by filing a petition setting forth the basis of its appeal. The trial court properly held it was authorized and empowered to determine the cause upon the petition and subsequent pleadings filed along with the stipulated facts.

II. The important phase of this appeal is whether the state superintendent of public instruction or the county board of education has the legal power or authority to overrule the local school board and order the pupils residing more than two

miles from the school to be sent to another school outside the district where the elementary school in that district is open. In other words we must determine, What authority does the local school district have in matters of this character?

For the reasons hereinafter set forth it is our conclusion and holding the state superintendent of public instruction and the county board of education did not have the legal authority to make a determination such as was done in the respective appeals and hearings. It is stated in 67 C. J. S., Officers, section 103, page 371: "Powers conferred on a public officer can be exercised only in the manner, and under the circumstances, prescribed by law, and any attempted exercise thereof in any other manner or under different circumstances is a nullity." And as pertains to the county board of education the statement found in 67 C. J. S., Officers, section 107, page 378, is here applicable: "* * * Boards, commissions, and other public bodies have only such power and authority as are expressly conferred by law or as arise from necessary implication, and any power sought to be exercised must be found within the four corners of the statute under which they proceed."

A statement of a similar nature is made in 43 Am. Jur., Public Officers, section 249, pages 68, 69: "In general, the powers and duties of officers are prescribed by the Constitution or by statute, or both, and they are measured by the terms and necessary implication of the grant * * *. If broader powers are desirable, they must be conferred by the proper authority."

And in 42 Am. Jur., Public Administrative Law, section 26, pages 316, 317, it is stated: "Administrative boards, commissions, and officers have no common-law powers. Their powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication. General language describing the powers and functions of an administrative body may be construed to extend no further than the specific duties and powers conferred in the same statute."

The power of the state superintendent of public instruction as applicable to this appeal is set forth in section 257.17, 1954 Code (Acts 55th G. A., 1953, chapter 114, section 17, effective July 4, 1953): "1. Exercise general supervision over the state

system of public education, including the public elementary and secondary schools, the junior colleges, * * *."

It will thus be observed the superintendent of public instruction is given no statutory authority to direct and authorize the carrying out of his orders which are not authorized by law. We are unable to find any statute which gives the state superintendent of public instruction authority to determine which school a pupil should attend. In connection with State Aid For Transportation the state superintendent's authority is limited by statute. It is stated in section 285.1(14), 1954 Code, he "* * * may review all transportation arrangements to see that they meet all legal and established uniform standard requirements." And where a public school is open and is properly operated we do not see why the elected board of the district should not determine where the elementary pupils of the district should attend. And this is particularly true when there is no statute which denies them that right. We are not confronted with a situation such as is anticipated in section 279.16, 1954 Code, where statutory provision is made relative to school privileges when a school is closed.

The powers of the county board of education are set forth in section 273.12, 1954 Code, and as applicable to the questions here involved are in part as follows: "The county board shall exercise such powers as are specifically assigned to it by law. In general their powers and duties shall relate to matters affecting the county school system as a whole rather than specific details relating to individual schools or districts."

The powers of a school district are set forth in section 274.1, 1954 Code, and are as follows: "Each school district now existing shall continue a body politic as a school corporation, unless hereafter changed as provided by law, and as such may sue and be sued, hold property, and exercise all the powers granted by law, *and shall have exclusive jurisdiction in all school matters over the territory therein contained.*" (Italics supplied.)

Inasmuch as the school district by reason of the statute just quoted has "* * * exclusive jurisdiction in all school matters over the territory therein contained", we hold the Howell

school district has authority to determine where the elementary pupils within the district shall attend school. It is a discretionary matter for the determination of the board. The courts should not interfere with such matters. Kinzer v. Directors of Independent Sch. Dist., 129 Iowa 441, 447, 105 N.W. 686, 3 L. R. A., N. S., 496, 6 Ann. Cas. 996. If the court cannot or should not interfere with matters which are discretionary with the school board it must naturally follow the state superintendent and the county board of education have no authority to determine matters within the exclusive jurisdiction of the local board. And this is particularly true when there is no statutory authority giving the state superintendent or the county board of education the right to do so.

For the reasons previously stated we affirm the trial court.— Affirmed.

All JUSTICES concur.