BOARD OF EDUCATION in and for FRANKLIN COUNTY, appellant,
v. BOARD OF EDUCATION in and for HARDIN COUNTY
et al., appellees.

No. 49690.

(Reported in 95 N.W.2d 709)

APRIL 8, 1959.

Hobson & Cady, of Hampton, for appellant.

Don W. Barker, of Iowa Falls, and William N. Dunn, of Hubbard, for appellees.

GARRETT, J.—The Community School District of Iowa Falls, in Hardin County, includes the city of around 5000 population and all of Hardin Township except two small tracts. In 1954 the Franklin County Board of Education filed with the state superintendent of public instruction a "county plan" which included all of the county in some high school district. The plan as amended designated seven and one-half sections in the west half of Lee Township to go to the Iowa Falls public schools and included therein all of what we shall hereinafter refer to as the disputed area except three fourths of one section. The disputed area involved in this appeal is in the west half of Lee Township and joins the east half of the township from its north-to-south line but has an irregular boundary on the west.

A meeting of the Hardin and Franklin County Boards of Education on December 4, 1957, resulted in a joint plan for the proposed enlarged Community School District of Iowa Falls which excluded all of the disputed area. It was filed with the state superintendent. The Franklin County plan was then amended to conform.

On December 23, 1957, a petition signed by 848 persons was filed with the county superintendent of schools of Hardin County proposing to extend the boundaries of the district in several directions enlarging it to include approximately 108 sections of land, a substantial part of the area being in Franklin County.

Hearing was held at Eldora by the two county boards on January 9, 1958, and the decision and order of the joint boards accepted part and excluded part of the area proposed by the petition to be included in the reorganized and enlarged Community School District of Iowa Falls. The joint boards accepted only the east half of the township and excluded an area embracing seven and one-half sections now known as the disputed area.

The Community School District of Iowa Falls, Lee Township School District and the Hardin County Board of Education

filed separate appeals from this decision and order to the State Department of Public Instruction. A hearing was held on February 5, 1958, by four members of the State Department of Public Instruction, namely J. C. Wright, state superintendent, Paul Johnston, assistant superintendent, N. E. Hyland, attorney for the department, and Ivan Siebert, director of administration and finance. A decision was rendered February 14, 1958, and approved by the state board on the same day, modifying the decision and order of the joint boards and including within the proposed enlarged Community School District of Iowa Falls all of the disputed area in Lee Township. From the decision of the state board the Franklin County Board of Education appealed to the district court of that county and the court affirmed the ruling and decision of the state board.

Appellant challenges the findings, conclusions and decree of the trial court in five separate divisions: that the state board of public instruction exceeded its authority; that the decision of the state superintendent was wrong as a matter of fact and should have been reversed; that the acts of the joint boards of Franklin and Hardin Counties in setting the lines were discretionary acts and in the absence of illegality, fraud or abuse of discretion could not be interfered with by the state department; that the joint boards acted in good faith and should not have been arbitrarily reversed; and that it was the legislative intent that the fixing of boundaries in situations such as this be done by the action of the joint boards.

I. Appellant states the first error it relies upon for reversal as follows: "The decision of the State Department of Public Instruction was illegal and should have been reversed or set aside because the statutory authority granted to the State Department of Public Instruction or the State Superintendent was exceeded." In argument it says, "The 57th General Assembly amended chapter 275 and the question presented in this division is whether or not under the chapter as amended an Independent School District has a right to appeal to the State Superintendent when there is no controversy between the county boards, and when the county boards have agreed on the line, and where no appeal has been taken by either county board on the line in question, to the State Department of Public Instruction."

■ It is our opinion the state department did not exceed its authority under the law and that the appellees had legal right to appeal to the state department even though there was no dispute between the county boards and no appeal taken by either county board to the state department.

Section 275.8, Code of 1954, is as follows: "Co-operation of state department. The state department of public instruction shall co-operate with the several county boards of education in making the studies and surveys required hereunder. In the case of controversy over the planning of joint districts, the matter shall be submitted to the state board of public instruction and its decision may be appealed to a court of record in one of the counties involved, by an aggrieved party to the controversy, within thirty days after the decision of the state board of public instruction. Joint districts shall mean districts that lie in two or more adjacent counties."

The Fifty-seventh General Assembly, by an Act which became effective on May 2, 1957, amended this section by adding thereto the following: "An aggrieved party is hereby defined as the board of directors of a school district whose directors are elected at large, or, if said board is elected from director districts, then that membership of the board of directors whose districts are included in the proposed reorganized area, or a county board of education. * * *." Chapter 129, section 11.

The above section and section 275.16, Code of Iowa, 1958, are decisive of this case, the latter section being:

"Hearing when territory in different counties. If the territory described in the petition for the proposed corporation lies in more than one county, the county superintendent with whom the petition is filed shall fix the time and place and call a joint meeting of the members of all the county boards of education of the counties in which any territory of the proposed school corporation lies, to act as a single board for the hearing of the said objections, and a majority of all members of the county boards of education of the different counties in which any part of the proposed corporation lies, shall constitute a quorum. The joint boards acting as a single board shall determine whether the petition conforms to county plans or, if the petition requests a change in county plans, whether such change should

be made, and shall have the authority to change the plans of any or all the county boards affected by the petition, and it shall determine and fix boundaries for the proposed corporation as provided in section 275.15 or dismiss the petition. * * *

"In case a controversy arises from such meeting, the county board or boards or any school district aggrieved may bring the controversy to the state department of public instruction, as provided in section 275.8, * * *. The state department shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interest of all the counties. This decision may be appealed to a court of record in one of the counties by any aggrieved party to the controversy as defined in section 275.8, * * *.

"The court on appeal shall have the same authority as is granted in this section to the state department of public instruction."

All parties cite and rely upon the above statutes but disagree as to the construction which should be placed thereon. Each successive legislature, with much help from the State Department of Public Instruction and local school authorities, has sought to improve the school laws in the interests of better education for the youth of the state.

"It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state. * * *." Section 275.1, 1958 Code.

It will not be easy to bring equal educational opportunities to all children of the state, but that objective is most worthy and like all other provisions of the Code the above sections should be liberally construed with a view to promoting their objects. The intent of the legislature must be determined from the language of the statutes and the purpose of the legislation. Where the language of a statute is plain, unambiguous and its meaning clear and unmistakable, construction is not called for and we are not permitted to search for its meaning beyond the statute itself. Dingman v. City of Council Bluffs, 249

Iowa 1121, 1126, 90 N.W.2d 742; Long v. Northup, 225 Iowa 132, 140, 279 N.W. 104, 109, 116 A. L. R. 1475; 50 Am. Jur., Statutes, sections 223 to 226 inclusive; Iowa-Illinois Gas & Electric Co. v. City of Bettendorf, 241 Iowa 358, 362, 41 N.W.2d 1; 82 C. J. S., Statutes, section 384, page 895.

Appellant presents the question whether or not an independent school district has a right to appeal to the state superintendent or state department when there is no controversy between the county boards and where no appeal has been taken by either county board to the state department. It states in argument, "This section [275.8] is entitled 'Co-operation of State Department' and can only mean that the state department co-operates in the event of a controversy between the county boards in the planning of joint districts, in which event an aggrieved party may take it to the State Department of Public Instruction." It is further contended "the statute does not contemplate that a district which is aggrieved by the joint decision may appeal unless there is a controversy between the joint boards." We think the language of the quoted sections is very clear and unambiguous and that only one conclusion may be drawn therefrom. It is our opinion and we hold that sections 275.8 and 275.16 are ample authority for the appeal by the Community School District of Iowa Falls to the State Department of Public Instruction and that the department had jurisdiction to hear and determine the issues raised on that appeal. The petition for the establishment of the Community School District of Iowa Falls included the disputed territory. The county boards acting as one board excluded this territory, thus raising a controversy over the planning of the joint district petitioned for by the Iowa Falls district. This is the situation covered by the statute (Code section 275.8, Code of 1958) which says: "In the case of controversy over the planning of joint districts, the matter shall be submitted to the state board * * * and its decision may be appealed to a court of record * * * by an aggrieved party * * *. An aggrieved party is hereby defined as the board of directors of a school district whose directors are elected at large, or, if said board is elected from director districts, then that membership of the board of directors whose

districts are included in the proposed reorganized area, or a county board of education."

Appellant cites Everding v. Board of Education, 247 Iowa 743, 76 N.W.2d 205; Signer v. Crawford County, 247 Iowa 766, 76 N.W.2d 213, and Howell School Board District v. Hubbartt, 246 Iowa 1265, 70 N.W.2d 531, 535, in support of its position. The first two cases cited were instituted by individual residents of a district and we held a county board was the only party entitled to submit to the state department a controversy over the planning of a joint district, that a decision of the state board could be appealed to a court of record by an aggrieved party and that an aggrieved party meant an aggrieved county board. The third case above-cited involved the designation of schools elementary pupils should attend and this court affirmed the holding of the lower court that it was a discretionary matter for the local school board to determine and the courts and state department should not interfere. The cases cited are not applicable here in view of said amendment to section 275.8 and section 275.16 of the 1958 Code.

The legislature evidently felt the state department and any court of record to which appeal might be taken would be free from local feeling and pressure and could look objectively and without prejudice at the problems presented. The state department and the trial court did not exceed their legal authority, and the decree appealed from should be affirmed.

II. Appellant urges that the decision of the state superintendent was wrong as a matter of fact and that the joint county boards acted in good faith and should not have been reversed. At the expense of repeating, we quote again from the statute which disposes of these matters in the following language: "The state department shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interests of all the counties." (Section 275.16)

III. Appellant insists "The acts of the joint boards in fixing the boundary lines were discretionary acts of an elective board and in the absence of illegality, fraud, or abuse of discretion could not be interfered with by the State Department of

Public Instruction, or by the trial court on appeal" and that the legislature intended the fixing of boundaries in joint county situations be done by action of the joint county boards. Its position was no doubt true and the cases cited in support thereof sustained that position until the Fifty-seventh General Assembly changed the law to its present form. Appellant's case has been ably presented but it urges an interpretation of the law which would nullify the applicable amendments. The decree of the trial court should be and it is affirmed.—Affirmed.

All JUSTICES concur.