**SIOUX CITY COMMUNITY SCHOOL DISTRICT, Appellant,**

v.

**IOWA DEPARTMENT OF EDUCATION,**
Appellee.

No. 01–1996.

Supreme Court of Iowa.

April 2, 2003.

Dawn E. Mastalir of Berenstein, Moore, Berenstein, Heffernan & Moeller, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Christie J. Scase, Assistant Attorney General, for appellee.

STREIT, Justice.

This dispute began when the Sioux City Community School District decided not to provide bussing for students who live less than two miles from the school. Parents appealed this decision to the Western Hills Area Education Agency (AEA). The AEA found the route students would have to travel was unsafe and therefore reversed the school district's decision. Both the Department of Education and district court affirmed the AEA's decision. Because we find the school district did not abuse its discretion in deciding not to provide transportation, we reverse.

## I. Background and Facts

This case involves a dispute over the provision of transportation for ninety-four students to and from McKinley Elementary School in Sioux City, Iowa. Children who reside at the Regency Mobile Home Park in Sioux City live approximately one mile from their school. Prior to 1995, the Sioux City Community School District did not provide transportation for the children. Construction of a shopping center in 1995 disrupted the children's route to school. The city required the developer of the project to pay for the childrens' transportation and to design a "safe route" the children could use to walk to school when the construction was completed. Though the project was completed in 1998, additional road construction continued and the school district exercised its discretion to temporarily provide transportation for the students until the construction was complete and sidewalks were installed.

In the fall of 2000, the construction was finished and the school district informed parents that it would no longer provide transportation for the students. The only available route for the children to use was a sidewalk built on the right of way located between Gordon Drive, a four-lane highway and major business thoroughfare, and a frontage road serving local businesses.[1] Parents appealed the decision to the Western Hills Area Education Agency (AEA). The AEA found the route between the mobile home park and the school was not reasonably safe for elementary students to travel. It concluded the school district's decision to not provide transportation was not a proper discretionary act and ordered the school district to immediately resume transportation services for the students. The school district appealed and both the Iowa Department of Education (Department) and the district court affirmed the AEA's decision. The school district appeals the decision of the Department claiming it exceeded its authority in order-

1. Approximately one third of the elementary school's entire student body must walk this path to get to and from school.

ing the school district to provide transportation.

## II. Scope of Review

■ Our review of an administrative agency proceeding is governed by Iowa Code section 17A.19(8) (2001). *S.E. Iowa Co-op. Elec. Ass'n v. Iowa Utils. Bd.*, 633 N.W.2d 814, 818 (Iowa 2001). We are limited to correcting any errors of law made by the Department. *Iannone v. Iowa Dep't of Revenue & Fin.*, 641 N.W.2d 735, 738 (Iowa 2002) (citing Iowa Code § 17A.19(8)). We will grant the requested relief if the petitioning party's substantial rights have been prejudiced and the agency exceeded its statutory authority or abused its discretion. *Iowa Utils. Bd.*, 633 N.W.2d at 818.

■ To constitute. an abuse of discretion, the action must be unreasonable or lack rationality under the attendant circumstances. *Iannone*, 641 N.W.2d at 738; *In re J.L.L.*, 414 N.W.2d 133, 135 (Iowa 1987). An abuse of discretion is synonymous with unreasonableness. *Dawson v. Iowa Bd. of Med. Exam'rs*, 654 N.W.2d 514, 518 (Iowa 2002) (citing *Stephenson v. Furnas Elec. Co.*, 522 N.W.2d 828, 831 (Iowa 1994)). "A decision is unreasonable where it is not based on substantial evidence ... or is based on an erroneous application of the law." *City of Windsor Heights v. Spanos*, 572 N.W.2d 591, 592 (Iowa 1997) (citing *Frank v. Iowa Dep't of Transp.*, 386 N.W.2d 86, 87 (Iowa 1986); 5 Am.Jur.2d *Appellate Review* § 695, at 365 (1995)). Evidence is substantial when "a neutral, detached, and reasonable person" would find it sufficient "to establish the fact at issue when the consequences from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1).

## III. The Merits

The school district begins by challenging the applicable standard under which the Department has authority to review its decision. The school district's argument shows a dichotomy of thought. On the one hand, the school district argues there can be no review of its discretionary decisions. On the other hand, the school district states if we review its discretionary decision, we can review only for an abuse of discretion. The Department did not precisely articulate the applicable scope of review for its review of the school district's decision. In the Department's decision, and implicitly on appeal, the Department urges the director may determine whether the school district's decision was reasonable and "exercise[ ][its] own independent judgment and discretion." The parties disagree over whether substantial credible evidence supports the school district's decision not to provide transportation.

### A. What is the proper scope of review?

Both parties concede the Department has authority to review the school district's decision. However, they disagree over the appropriate standard of review the Department must apply in its review. We begin by briefly explaining the powers of the school district in transportation matters. Iowa Code chapter 285 gives the board of directors of a school district certain duties and powers over the provision of transportation. The school district argues its decision to not provide transportation in this case was a discretionary decision subject to review only for an abuse of discretion. The school district relies upon Iowa Code section 285.1 which provides the board of directors of every school district,

shall provide transportation ... for all resident pupils attending public school,

kindergarten through twelfth grade, except that:

(a) Elementary pupils shall be entitled to transportation only· if they live more than two miles from the school designated for attendance....

(d) Boards in their discretion may provide transportation for some or all resident pupils attending public school ... who are not entitled to transportation....

Iowa Code § 285.1(1) (1999).

■ The code creates only one mandate for the school district. The school district must provide transportation to students who live more than two miles from school. *Id.* § 285.1(1)(a). Apart from this requirement, the school district is vested with discretionary authority to decide whether to provide transportation under other circumstances. Iowa Code section 274.1 supports this conclusion stating, "[e]ach school district ... shall have exclusive jurisdiction in all school matters...." *Id.* § 274.1. The school district's decision to not provide transportation was discretionary in nature because the statute states the provision of transportation is· discretionary for students living less than two miles from school.

The parents properly challenged the school district's discretionary decision pursuant to section 285.12 which directs the agency boards to hear and decide appeals in a transportation disagreement between a school patron and the board of a local district. *Id.* § 285.12. Section 285.12 provides, in part,

In the event of a disagreement between a school patron and the board of the school district, the patron if dissatisfied with the decision of the district board, may appeal the same to the area education agency board.... Either party may appeal the decision of the agency board to the director of the department of education.... The decision of the di-

rector shall be subject to judicial review in accordance with the terms of the Iowa administrative procedure Act.

*Id.* We begin our discussion by determining the extent to which the Department may review the school district's action.

At first glance, our decision in *Howell School Board District No. 9 v. Hubbartt* appears to have addressed the issue of the proper scope of review of a. school district's discretionary decision. *See* 246 Iowa 1265, 70 N.W.2d 531 (1955). In *Howell,* although the case may have been litigated under Iowa Code chapter 285, the central dispute was not the provision of transportation to students within two miles of a school. Rather, it focused on the. school district's exclusive authority to assign a student to one school when the parent sought enrollment in another school in a different district. We emphasized there was no statute either giving or denying the state superintendent the authority to determine which school a pupil should attend. *Id.* at 1274, 70 N.W.2d at 535–36. Because the legislature had not directed otherwise, we held the school board's decision in this regard concerned a matter within the "exclusive jurisdiction" and discretion of the local school board. Consequently, we found the state superintendent did not have authority to "determine matters within the exclusive jurisdiction of the local board." *Id.* at 1274, 70 N.W.2d at 536.

Our decision in *Howell* must not be construed to mean discretionary decisions of the school district are immune from any type of review. Rather, in *Howell,* we addressed whether, when reviewing the school district's action, it was proper for the state superintendent to examine the record, make his own independent determination, and substitute his judgment for the school district's. *Id.* at 1267, 70 N.W.2d at 532. Because no statute conferred upon

the state superintendent this broad scope of review, we found he exceeded his authority. That is, in *Howell* we stated an agency's authority to review the school district's decision is only as broad as that vested in it by statute or regulation.

Our holding in *Howell* was reinforced by our later decision in *Board of Education in and for Franklin County v. Board of Education in and for Hardin County*, where we briefly discussed *Howell* as it applies to discretionary actions. *See* 250 Iowa 672, 95 N.W.2d 709 (1959). The case dealt with the reorganization of a proposed school district. A statute applied to the facts of the case stating,

> The state department shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve in the best interests of all the counties. This decision may be appealed to a court of record in one of the counties by any aggrieved party to the controversy....

Iowa Code § 275.8 (1958). Based upon this statute, we found the legislature delegated authority to the state Department of Public Instruction to review the substance of a decision made by the county board or boards or any school district. *Bd. of Educ. in and for Franklin County*, 250 Iowa at 676, 95 N.W.2d at 712–13 (stating *Howell* is not applicable in view of the statutory amendment to section 275.8 of the 1958 Code). That is, the aggrieved party had a legal right to appeal to the Department of Public Instruction from the decision of the joint county boards. Because a specific statute in that instance gave authority to the state department to affirm, vacate, dismiss, or modify the actions of the school district, we found the state department did not exceed its authority in modifying the decision and order of the joint boards of education. *Id.* at 675, 95 N.W.2d at 711. *Howell* and *Board of Education in and for Franklin County* compel us in the present case to determine what statutory powers have been conferred upon the Department in reviewing the Sioux City Community School District's decision.

■ In the case before us, the statute giving the school district discretion in the matter of transportation controls the standard we will use to review the school district's decision. Administrative boards, commissions, and officers have no common-law powers.

> The powers and duties of public office are measured by the terms and necessary implication of the grant of constitutional or statutory authority; in this regard, it has sometimes been stated that public officers have only those powers expressly granted or necessarily implied by statute....

63C Am.Jur.2d *Public Officers and Employees* § 231, at 670 (1997); 67 C.J.S. *Officers* § 107, at 378 (2002). "If broader powers are desirable, they must be conferred by the proper authority." 63C Am. Jur.2d *Public Officers* § 231, at 671.

■ Nothing in Iowa Code section 285.12 suggests the scope of the Department's review of the school district's decision is de novo, allowing the Department to reverse the school district and substitute its own judgment. No statute gives the Department authority to override the school district's ultimate decision because it determines the decision was wrong. Rather, where a statute provides for a review of a school district's discretionary action, the review, by necessary implication, is limited to determining whether the school district abused its discretion. *See* 63C Am.Jur.2d *Public Officers and Employees* § 231, at 670; 67 C.J.S. *Officers* § 107, at 378.

 Because the school district has discretion in the provision of transportation and the Department has authority to review decisions made pursuant to such discretion, its review is necessarily limited to the abuse of discretion standard. *See id.* We can find no statute in the Code of Iowa or in the Iowa Administrative Code which gives the Department more authority upon review than that necessary to determine whether the school district abused its discretion. In applying abuse of discretion standards, we look only to whether a reasonable person could have found sufficient evidence to come to the same conclusion as reached by the school district. Iowa Code § 17A.19(10)(f)(1). In so doing, we will find a decision was unreasonable if it was not based upon substantial evidence or was based upon an erroneous application of the law. *Spanos,* 572 N.W.2d at 592. Neither we nor the Department may substitute our judgment for that of the school district.

### B. Did the school district abuse its discretion?

Before turning to the facts upon which the school district based its decision, we examine the nature of the AEA's and Department's actions. That is, we must determine whether the Department exceeded its scope of authority in ordering the school district to provide transportation. In overruling the school district's decision to not provide transportation, the AEA stated,

> the pathway between Regency Mobile Home Park and McKinley Elementary School is not reasonably safe for the elementary school students who must travel this route every school day. The AEA Board is concerned that children as young as kindergarten age face an unreasonably dangerous walk given the volume of traffic on Gordon Drive, the number and complexity of the crossings

along Gordon Drive, and the fact that locating the sidewalks in the median [between Gordon Drive and the frontage road] makes it so the children are surrounded by traffic on Gordon Drive and the frontage road.

When the Department affirmed the AEA's decision it reviewed the entire record. In so doing, the Department concluded,

> The record shows that the [AEA] thoroughly evaluated the situation on Gordon Drive in addressing the transportation concerns of these parents and of the [school district]. The [AEA] was justified in making its own analysis of the facts in deciding to reverse the [school district's] decision to discontinue the transportation being provided to the students residing at Regency. *Although reasonable minds could differ over the judgment call* that the [AEA] was called upon to make, the parents convinced the [AEA] that the [school district] exercised its discretion in an unreasonable way adverse to the health and safety of the students, as required by Iowa Code section 285.10(2) (2001). The [school district] has failed to show that the [AEA's] decision was unreasonable.

(Emphasis added.) For the most part, the facts are undisputed but the parties have each emphasized different portions of the record.

 The issue is whether the Department properly reviewed the school district's decision for an abuse of discretion. The Department stated, "Although reasonable minds could differ over the judgment call that the [AEA] was called upon to make," it went on to say the parents "convinced" the AEA that the school district's decision was "adverse to the health and safety of the students." By stating "reasonable minds could differ" over this discretionary decision, the Department con-

ceded there was evidence supporting the school district's decision. That is, the Department did not review the school district's action for abuse of discretion but instead made its own judgment based upon the entire record. This conclusion is even more evident by the Department's statement that the parents "convinced" the AEA the district's decision was not correct. Such a statement shows the Department, like the AEA before it, considered the entire record and concluded the school district's decision was wrong. The Department did not determine whether a reasonable person could have come to the same conclusion as the school district. The Department's action exceeded its authority.

■ Under the appropriate standard, a reasonable person could have found substantial credible evidence supporting the school district's decision. The sidewalk in question was constructed by the City of Sioux City in compliance with all of the applicable laws and ordinances. The school district created the District Traffic Safety Committee to study the area and make recommendations as to the safety of the route for school children. The safety committee was comprised of two members of the Public Works/Traffic Division, officers from the Sioux City Police Department, a member of the Woodbury County Sheriff's Department, two principals of the school district, the assistant superintendent, the district supervisor for transportation, the district director of operation and maintenance and the district safety manager. The safety committee members met several times to discuss the area around Gordon Avenue. The committee made visual inspections of the route and examined the traffic volume and patterns. Before making any conclusions, the committee consulted the Department of Motor Vehicle Safety, Department of Transporta-

tion, and the City of Sioux City. It discussed the safety of the route with various experts who all determined the area was safe for students to use. The committee made special note of the concerns of the AEA. It discussed numerous possibilities, aside from providing transportation to the students, that might increase the relative safety of the area.

The safety committee compared the nature of this particular sidewalk to others in the area that students must walk to get to school. It determined the traffic flow along Gordon Drive was regular, but not excessive, and the speed of the traffic was not extreme. In particular, it noted the presence of very little traffic during the morning and afternoon hours when children would be using the sidewalk along Gordon Drive. In general, the committee saw little traffic along the frontage road. The committee determined the distance between the sidewalk and Gordon Drive varies from five to twenty feet along the route. It concluded the distance between the sidewalk and the frontage road did not present any safety concerns. Because some parents complained snow removal was not regular on the sidewalk, the committee examined the maintenance of the area. Although there was one report of snow on the sidewalk preventing the students from using it, the safety committee determined the snow removal overall was reliable and the conditions were not dangerous for the students. Based upon these findings, the committee concluded, as a general matter, this particular sidewalk presents no more danger to the students than any other sidewalk in Sioux City.

As a result of its observations, the safety committee discussed installing crosswalk signage and other signage to signify the students' presence. The committee recommended moving the location of a stop

sign so a crosswalk could be striped across the road. It explored the possibility of adding a barricade along the route or creating a new sidewalk for students to use. The city agreed to construct a sidewalk that would redirect the student traffic, making their travel safer. Finally, to assist the children in safely arriving at school, the committee recommended new signage at one of the three points along Gordon Drive where the sidewalk is interrupted by entrances to businesses. Because the traffic engineers concluded additional signage would be a deterrent to safety, not a promotion of it, the committee did not recommend the installation any other traffic control devices.

The superintendent considered and accepted the committee's findings and recommendations. In determining the school district would no longer provide transportation to these students, the superintendent considered the following: safety of the students, cost and reimbursement schedules of the State of Iowa, equitable treatment for all students in the Sioux City Community School District, statutory obligations, and the actual conditions of the route along Gordon Drive. The school board voted unanimously supporting the superintendent's conclusion the route was safe.

Given the facts above, it can hardly be argued the school district did not carefully balance competing considerations in exercising its discretion determining whether it should bus these students to and from school. It did not make a denial of the parents' request without first exploring the situation. In keeping with the findings of the safety committee, the school district made an informed decision and concluded it was not appropriate under the circumstances to provide transportation for these students. Taking into consideration the recommendations for safety improvement made by the commission, the school district determined this route was safe for the students to use. Legitimate concerns were raised about five-year-old students walking to school along this route, part of which comes within five feet of the highway and the penchant of such immature students to wander.[2] These concerns were certainly considered by the school district; however, they did not render the route unsafe. Because a reasonable person could have found substantial evidence supporting the school district's decision, we conclude the school district did not abuse its discretion.

## IV. Conclusion

 The school district by reason of statute has discretion in its provision of school transportation for students who live less than two miles from school. The Department has authority to review the school district's discretionary decisions made pursuant to Iowa Code section 285.12. However, by necessary implication, the Department's review is limited to determining whether the school district abused its discretion. The parents were required to show the school district's decision was unreasonable and lacked rational-

2. The school district considered the number and age of students who would use this route to get to school. The school district noted large groups of students were not using the sidewalk and, in fact, noted the presence of very few school children. The superintendent stated, "Walking is something children do. School and traffic officials work to provide the necessary learning experience and traffic controls/signage." The school district noted the concerns based upon the age of the students are no different from the concerns a parent would have for any young child who walks to school unescorted. The concerns the parents voiced are not unique to this particular route and do not make this sidewalk unsafe.

ity. The Department exceeded its authority by substituting its judgment for that of the school district. The record shows substantial credible evidence upon which a reasonable person could come to the same conclusion as did the school district. As such, we reverse the Department's order compelling the school district to provide transportation services.

**REVERSED.**