J. W. Van der Burg et al., Appellees, v. J. D. Bailey et al., Appellants.

*Klay & Klay*, for appellants.

*Hatley & Van de Steeg*, for appellees.

Albert, C. J.—In January, 1928, there was a contest before the board of supervisors of Sioux County, participated in by the owners of five different newspapers, three of which were to be  selected as the official county newspapers for the year 1928. The contest was determined against J. D. and Grace Bailey, and in favor of J. W. and W. G. Van der Burg; and the Baileys attempted to appeal from this action by the board of supervisors by presenting a notice of appeal to Hatley & Van de Steeg, who accepted due, legal, and timely service on January 28, 1928, as attorneys for the appellees. The Van der Burgs were represented by Attorneys Hatley & Van de Steeg in the contest be-

fore the board, and the Baileys by Klay & Klay. The Van der Burgs entered special appearance, and moved to quash the notice and dismiss the appeal for want of jurisdiction. This motion was accompanied by the affidavits of W. G. and J. W. Van der Burg. By these affidavits,—which are uncontradicted, —it is shown that Hatley & Van de Steeg were employed and paid in advance for the trial of this matter before the board of supervisors, and that, after they accepted service of the notice of appeal, they called the Van der Burgs to the office, and advised them what had been done; and they refused to ratify or confirm the action of the attorneys in accepting service of the notice of appeal.

The point made as to want of jurisdiction of the lower court to entertain the appeal from the action of the board of supervisors is that the attorneys had no power to accept such service, because, under the statute, the notice of appeal should have been served upon the Van der Burgs. This gives rise to the only question in the case, to wit: Was the acceptance of service by Hatley & Van de Steeg, attorneys, sufficient to confer jurisdiction upon the district court? Numerous authorities are cited by both appellants and appellees, but none of them touch the real question in controversy here.

Our Code provides for many different appeals, in some of which service of notice of appeal shall be the same as that of original notice. Others provide for a notice of appeal, but do not provide the manner of service; while others simply provide a right of appeal, without even providing for notice.

The section of the statute under which this controversy arises is Section 5406, Code of 1927, reading as follows:

"Any applicant may * * * appeal to the district court from the decision of the board of supervisors as to the selection of any or all newspapers so selected by filing in the office of the county auditor a bond for costs * * * and by serving upon each applicant whose selection he desires to contest, and the county auditor, a notice of appeal."

A reading of the section shows that there is no provision as to the method or manner of the service of the notice of appeal, and it must also be conceded that it is to be served "upon each applicant whose selection he desires to contest."

It is first to be remembered that this is not a court proceed-

ing, and the general rules governing such matters in court proceedings are not controlling.

The only authority. we have been able to find, throwing any light on this subject in any way, is a part of the text of Section 148, 6 Corpus Juris 645, where it is said that attorneys may accept service "unless by statute or rule of court notices are required to be given to the party himself." This text seems to be bottomed on the case of *Nash v. Gilkeson*, 5 Serg. & Raw. (Pa.) 352. In that case, the rules of the court required notice of the time and place of taking of depositions to be served upon the opposite party, and the court held that service on his attorney was not sufficient, and the depositions were stricken from the record. Is this rule tenable or applicable to the situation we have before us?

The right of appeal is not an inherent or constitutional right. The legislature may give or take it away, at its pleasure. In other words, the permission to appeal is a gratuity, and the  legislature has the right to say upon what terms and conditions it will grant this right. It has been said in many cases in this state that the right is granted on condition that a notice of appeal be served on the opposite party in the same manner and form as an original notice. These statutes generally provide, in terms, for service on the opposite party or his agent or attorney, and, of course, service under such circumstances must be made upon one of the three parties designated. In the case at bar, the legislature was not so liberal in its provisions as to notice, but provided that notice was to be served upon each applicant with whom he was contesting; and as appellants were contesting only with the Van der Burgs, under the statute, notice should have been served upon the Van der Burgs. Of course, this could have been by the usual method of serving, or they could have accepted service, which, in either event, would have been good service. But they did not do this, and, the statute not providing for service on an attorney, he cannot accept service. It is our conclusion that the service was insufficient, because not served on the party designated by statute. This result was reached by the district court, who dismissed the case for want of jurisdiction. With this ruling we agree.—*Affirmed.*

STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.