MYRTLE EGGERMONT, Appellee, v. SERVICE LIFE INSURANCE COMPANY OF OMAHA, Appellant.

No. 46877.

302

Herbert H. Hauge and Cosson, Stevens & Cosson, all of Des Moines, for appellant.

A. D. Pugh, of Des Moines, for appellee.

Per Curiam.—On November 17, 1945, plaintiff filed a petition in the municipal court of the city of Des Moines to recover $90.37 on a policy of insurance issued by the defendant company. Defendant filed a special appearance and motion to quash service of original notice upon it, which asserted that it is not authorized to do business at this time in the state of Iowa and is not so engaged; that the insurance commissioner is no longer authorized to act as process agent for defendant, and the service of original notice on him did not confer jurisdiction over the defendant. Resistance was filed by plaintiff. Hearing was had and counsel stipulated the pertinent facts. On January 10, 1946, the court overruled the special appearance. On January 25, 1946, the trial court certified, pursuant to Rule 333 of the Rules of Civil Procedure, that the question presented was such that an appeal to this court should be granted notwithstanding the fact that the amount in controversy is less than $300, as shown by the pleadings herein. On February 13, 1946, appellant made application to this court, pursuant to Rule 332 of the Rules of Civil Procedure, to grant an appeal in advance of final judgment. Appellee's resistance to such application states, among other things, that, ''the appeal was not taken within 30 days after the Order of Jany. 10, 1946,'' and is not timely.

We are satisfied that the application to grant the ap-

peal herein must be denied because not made within thirty days from the date of the ruling complained of.

Rule 335 of the Rules of Civil Procedure, as reported to the Fiftieth General Assembly, page 352, and as amended by our report to the Fifty-first General Assembly, page 341, provides as follows:

"Appeals to the Supreme Court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or for judgment notwithstanding the verdict is filed as provided in Rule 247, and then within thirty days after the ruling on such motion; provided however, that, where an application to the Supreme Court or any Justice thereof to grant an appeal in advance of final judgment under Rule 332 is made within thirty (30) days from the date of such ruling or decision, the Supreme Court or any Justice thereof may extend the time for filing the notice of appeal in the event the appeal is granted and the appeal, in such event, may be perfected within the time thus specified."

From the foregoing it is readily apparent that the power of this court or a justice thereof to extend the time for filing a notice of appeal from an interlocutory ruling is dependent upon the application to grant an appeal in advance of final judgment under Rule 332 being "made within thirty days from the date of such ruling or decision." Such an application is "made" by filing the same with the clerk of this court. The application herein was not so filed until February 13, 1946, which was more than thirty days after January 10, 1946. It was not within the prescribed thirty-day period.

In Stolar v. Turner, 236 Iowa 628, 640, 19 N. W. 2d 585, 590, we held that, under the provisions of Rule 371, Rules of Civil Procedure, Rules 340 to 353, inclusive, relating to appellate practice in this court, are to be placed in the same category as domestic rules of this court and, under appropriate circumstances, this court may waive strict compliance therewith. However, Rule 335, as amended, does not fall within that category. Under repeated pronouncements of this court, and under our interpretation thereof in Stolar v.

Turner, supra, Rule 335 is analogous to a statutory requirement and must be strictly complied with. The failure to strictly comply therewith is fatal to the application herein.

The fact that it was necessary to secure a certificate from the trial court, in conformity with Rule 333, did not enlarge the time specified by Rule 335. And, in this case, after the certificate was secured, appellant had fifteen days remaining in which to file its application with the clerk of this court but neglected to do so. Denial of the appeal at this time, of course, is without prejudice to appellant's undertaking to present the question on appeal from the final judgment should it be adverse.

Application to appeal in advance of final judgment is, accordingly, denied.—Application denied.