HENRY SIGNER et al., appellants, v. CRAWFORD COUNTY, IOWA, BOARD OF EDUCATION et al., appellees.

No. 48932.

(Reported in 76 N.W.2d 213)

APRIL 4, 1956.

Powers & Reimer, of Denison, and Edward S. White, of Carroll, for appellants.

L. E. Swanson, of Lake City, Raun & Franck and Robert K. Brannon, all of Denison, and John H. O'Connor, of Vail, for appellees.

GARFIELD, J.—This appeal presents the same question decided this day in Everding v. Board of Education in and for Floyd County, 247 Iowa 743, 76 N.W.2d 205. Our decision there is controlling here. It sets out the applicable statutes.

The question arises here in a little different way than it did in the Everding case. Like Everding, these plaintiffs are individual landowners and residents within a community school district (called Ar-We-Va) proposed to be established in adjacent counties. The joint county boards of education, acting as a single board under section 275.16, Code, 1954, determined and fixed the boundaries of the proposed district. Plaintiffs took appeals therefrom, we assume within the time required by section 285.12, to the state board of public instruction which, however, declined to entertain them apparently on the ground individuals have no right to maintain such appeals.

Defendant joint boards caused notice to be published under section 275.18 for an election upon creation of the district. Plaintiffs then brought this certiorari action under rules 306 to 319, Rules of Civil Procedure, alleging defendants acted illegally in causing the notice to be published because it violated the provision of section 275.18 that "no notice for an election shall be published until the time for appeal * * * has expired; and in the event of an appeal, not until the same has been disposed of."

On defendants' motion the trial court dismissed the certiorari action on the ground individual landowners and residents within a proposed community district have no right of appeal under the statutes from the fixing of boundaries by joint county boards and there was therefore no illegality of which plaintiffs may complain in publishing notice of the election.

If, as the trial court held, plaintiffs have no statutory right to appeal to the state board from the fixing of these boundaries, their attempt to do so was a nullity and there was no illegality of which plaintiffs may complain in publishing notice for the election under section 275.18 before their appeals were disposed of. Plaintiffs apparently concede as much, i.e., that they have no case here unless the statutes give individual landowners or residents the right of appeal from the fixing of

boundaries of a proposed joint district. The Everding case, supra, holds there is no such right of appeal.

Plaintiffs have argued here in support of their petition for certiorari a claim of illegality not pleaded or otherwise raised in the district court or considered by it. While this new claim is also disposed of by our holding plaintiffs have no right to appeal from the action taken by the joint boards, plaintiffs are not entitled to urge a contention raised for the first time in this court. Neibert v. Stone, 247 Iowa 366, 367, 73 N.W.2d 763, 764, and citations; Johnson v. Cedar Memorial Park Cemetery Assn., 233 Iowa 427, 434, 435, 9 N.W.2d 385, 390.—Affirmed.

All Justices concur.