BOARD OF DIRECTORS OF STANTON INDEPENDENT DISTRICT, appellant, v. BOARD OF EDUCATION in and for MONTGOMERY COUNTY et al., appellees.

No. 49976.

(Reported in 102 N.W.2d 159)

APRIL 5, 1960.

Herman A. Walter, of Council Bluffs, for appellant.

Norman A. Erbe, Attorney General, Theodor W. Rehmann, Jr., Assistant Attorney General, William Falk, County Attorney, Page County, and John Boeye, County Attorney, Montgomery County, for appellees.

PETERSON, J.—Appellant is an independent school district in Montgomery County. February 27, 1958, a petition for the formation of a community · school district located partly in Montgomery County and partly in Page County was filed with the Superintendent of Schools of Montgomery County. After due and timely notice a hearing was held by the joint boards of the two counties. The petition was dismissed.

Appellant appealed to the State Department of Public Instruction. Upon hearing the State Department sustained the dismissal of the petition by the joint boards.

Appellant appealed from the ruling of the State Department to the District Court of Montgomery County. In taking this appeal plaintiff joined "State Department of Public Instruction, State Board of Public Instruction, and State Superintendent of Public Instruction" as defendants. The three parties filed a motion to drop them as defendants. The trial court sustained the motion. Plaintiff secured an order from this court to appeal from such interlocutory ruling in accordance with R. C. P. 332.

Appellant assigned only one error relied on for reversal: "The court erred in finding that the State Department of Public Instruction was not a proper or necessary party."

In 1953 the legislature adopted a comprehensive plan of school reorganization. The general purpose of the Act is stated in section 275.1, 1958 Iowa Code: "It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state. * * *."

An important part of the plan was to establish a chain of procedure which would fully protect the rights of all citizens, districts and boards, as to school matters.

The steps in such procedure are:

1. Initiation of reorganization by petition of the people, section 275.12.

2. Hearing on petition, either by county board of education, if the proposed district is in one county, section 275.15, or by joint boards if in more than one county, section 275.16.

3. Appeal is provided to State Department of Public Instruction, in accordance with following pertinent part of section 275.16: "In case a controversy arises from such meeting, the county board or boards or any school district aggrieved may bring the controversy to the state department of public instruction, as provided in section 275.8 * * *. The state department shall have the authority to affirm the action of the joint boards,

to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interest of all the counties."

4. Appeal as to the action of State Board may be taken to the District Court, as provided in said section: "This decision may be appealed to a court of record in one of the counties by any aggrieved party to the controversy as defined in section 275.8 * * *. The court on appeal shall have the same authority as is granted in this section to the state department of public instruction."

5. Appeal is then available to this court, as in all other cases.

In this statutory chain of procedure appellant contends it has the right to include the State Department of Public Instruction, the State Board, and the State Superintendent as defendants.

This is the first time the question has been directly before this court.

■ The position of the State Department, the Board and the State Superintendent, as to appeals under sections 275.8 and 275.16, has been called quasi-judicial. In re Proposed Community School District of Malvern, 250 Iowa 1240, 1246, 98 N.W.2d 737, 741. Quoting: "That the action of the board might be termed quasi-judicial would not remove it from the legislative category or make it, in fact, judicial."

■ The Department can be denominated as an administrative agency. It is a supervisory and regulatory Board as to the proper development of school reorganization in the state. School District of Soldier Twp. v. Moeller, 247 Iowa 239, 73 N.W.2d 43.

The functions of the Department and Board are primarily legislative in nature. They cannot be purely judicial, because such a situation would destroy proper separation of powers and would be considered unconstitutional. In re Malvern, supra.

■ Alleged illegal acts of a Board or Department may be questioned under certiorari. Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787.

■ The ultimate fact is that appellant in its appeal to the

District Court is questioning the decision of the State Department of Public Instruction. It can have its questions settled in the District Court under clear statutory procedure, and no necessity exists for joining the Department, Board or Superintendent. Dropping the three defendants by the trial court did not prejudice any rights of appellant. All questions will be considered by the trial court even if said three defendants are not parties. We hold it is not necessary nor permissible to join such parties as defendants.

Complete precedent either way cannot be found and has not been cited. Appellant cites three cases.

McKeown v. Brown, 167 Iowa 489, 149 N.W. 593. This is an action by plaintiff as the only heir of James Murray, deceased, for the net amount of his estate, he having died intestate. No heir was found when his estate was ready for closing and under order of court the estate escheated to the state of Iowa. Plaintiff appeared later, well within the ten-year statute of limitations, and sued for the amount paid to the state, less inheritance tax. There was no question about the heirship and we held in the face of clear statutory provisions the money could and should be repaid to plaintiff by the state treasurer.

Hoover v. Iowa State Highway Commission and individual members of the Commission, 207 Iowa 56, 222 N.W. 438, was an injunction action. Defendants threatened to condemn and run a highway through plaintiff's orchard and ornamental grounds contiguous to his dwelling contrary to section 4566, 1927 Iowa Code (now section 306.14, Code of 1958). We held that in the face of specific statutory prohibition in such cases plaintiff was entitled to an injunction.

Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A. L. R. 335, was an action in mandamus against the members of the State Tax Commission to order assessment of property at its actual value. The writ was granted.

The cases are not comparable to the instant case nor precedents for appellant's contentions. The state officers and Board involved in the three cases were not a part of a chain of appeal procedure specifically provided by statute for administration of school reorganization.

594

The order of the District Court dropping the Department of Public Instruction, the State Board of Education and the State Superintendent of Public Instruction as defendants in the action is affirmed.—Affirmed.

All Justices concur except Oliver, J., not sitting.