BOARD OF DIRECTORS OF LINDEN CONSOLIDATED SCHOOL DISTRICT (DALLAS AND GUTHRIE COUNTIES) et al., appellants, v. BOARD OF EDUCATION in and for DALLAS COUNTY et al., defendants; BOARD OF EDUCATION OF GUTHRIE COUNTY, intervenor; REDFIELD COMMUNITY SCHOOL DISTRICT, intervenor-appellee.

No. 49859.

(Reported in 103 N.W.2d 696)

930

June 14, 1960.

John Donahey, of Panora, for plaintiffs-appellants.

H. S. Hunn, of Des Moines, for intervenor-appellee.

John C. McDonald, of Dallas Center, for Dallas County Board of Education.

R. Y. Taylor, of Guthrie Center, for Guthrie County Board of Education.

LARSON, C. J.—The questions raised in this interlocutory appeal are: (1) The correctness of the ruling of the trial court in overruling plaintiffs' motion to dismiss the petition of intervention filed by the Redfield Community School District in an appeal involving only the Linden and Panora district reorganization; and (2) the jurisdiction of the court to entertain this interlocutory appeal for lack of timely service of appeal notice.

The record facts are simple and undisputed. Pursuant to a petition by the required voters of Guthrie and Dallas Counties for the reorganization of the Panora and Linden School Districts, due notice was given and a hearing was had before the joint board of education of Dallas and Guthrie Counties on April 21, 1958. Various objections were filed, including one by appellee, which was accompanied by a "Declaration of Interest" signed by 122 people who lived within the 13-section area in Dallas County eventually excluded from the proposed district by the action of the joint board of education. That decision was appealed by plaintiffs to the State Department of Public Instruction, which in turn remanded the matter to the joint county board for further study, consideration and revision, with further notice and hearings. Plaintiffs appealed this decision to the District Court of Guthrie County asking that the court approve the reorganization as originally proposed which would include the excluded controversial 13 sections in the Linden district.

The Superintendent of Public Instruction and the State Board of Public Instruction filed a disclaimer. Both the county boards of education for Dallas and Guthrie Counties filed answers, and on February 21, 1959, the Redfield Community School District, which had none of its territory involved in the

932

proposed new district, filed a petition of intervention in the proceedings. The district court overruled plaintiffs' motion to dismiss that petition although it held that the Redfield Community School District was not an aggrieved party which could appeal a decision of the joint county board under sections 275.8 and 275.16, Code of 1958. It did, however, find the Redfield district had such an interest in the litigation as to permit it to intervene under rule 75, R. C. P. We cannot agree with the latter determination.

I. The right of appeal is purely a creature of statute, and the legislature may grant or deny it at pleasure. Van der Burg v. Bailey, 207 Iowa 797, 799, 223 N.W. 515, 516; Everding v. Board of Education, 247 Iowa 743, 747, 76 N.W.2d 205, 206, and many citations; Signer v. Crawford County Board of Education, 247 Iowa 766, 76 N.W.2d 213; Board of Education v. Board of Education, 250 Iowa 672, 95 N.W.2d 709. We have not departed from that view. In the Everding case we considered sections 275.8 and 275.16, involved in the case before us, and stated (page 749) : "It is clear the statutes do not provide for an appeal such as this by anyone direct to the district court * * *. The only appeal [by ones designated] from such a determination is first to the state board of public instruction and from its decision to the district court." The party designated who may appeal to a court of record is "an aggrieved party to the controversy." Section 275.8, Code, 1958, states: "An aggrieved party is hereby defined as *the board of directors of a school district whose directors are elected at large, or, if said board is elected from director districts, then that membership of the board of directors whose districts are included in the proposed reorganized area,* or a county board of education." (Emphasis supplied.) It is true that since the Everding case the Fifty-seventh General Assembly, in section 11 of chapter 129, permitted appeals by other representative bodies whose area was affected by the proposed reorganization, but it went no further.

In the Everding case we said the meaning of this section as to the " 'aggrieved party to the controversy' " means only " 'an aggrieved county board.' " From a reading of section 275.8 as now constituted, it is clear the Fifty-seventh General

Assembly desired to include therein an aggrieved board of directors of a school district whose area is involved, or the membership of a board of directors whose districts are involved in the proposed plan. That does not mean all boards of directors throughout the state, as suggested by appellee. The real purpose of this legislation is clear and controlling here. Dingman v. City of Council Bluffs, 249 Iowa 1121, 1127, 90 N.W.2d 742, 744. During the pendency of such a reorganization, outsiders have no interest or right to interfere therein. State ex rel. Harberts v. Klemme Community School Dist., 247 Iowa 48, 72 N.W.2d 512, and citations. A district with no territory involved is clearly an outsider, under sections 275.8 and 275.16, Code of 1958.

 Obviously the legislature desired to limit the right to appeal by parties legally interested through certain representative bodies whose territory was involved in the proposed reorganization, and by no others. The evident intention was to permit interested parties to prosecute or engage in an appeal in that and only in that manner. The "aggrieved party" in the case before us which could appeal under sections 275.8 and 275.16 included the Dallas and Guthrie County Boards of Education, and the directors of the Linden or Panora school districts, and no others. In other words, the Redfield Community School District, having no territory included in the proposed reorganization of the Linden and Panora districts, was given no right to participate in an appeal from either the action of the joint county board of education or the action of the State Department of Public Instruction to a court of record, either for itself or as a representative of residents within the territory involved.

 There is no merit to the contention that, as the representative of some 122 persons residing in the controversial 13 sections, the Redfield district had the status in this appeal of an aggrieved party. The interest of those persons can only be protected by the bodies specifically designated in section 275.8, i.e., those whose territory is involved in the proposed reorganization. Ones personally aggrieved by legal determinations, as pointed out in the Everding v. Board of Education case, supra, must

persuade, look to, and depend upon their county board or their school district as their representative. Obviously the legislature had the right and the purpose to avoid vexatious or delaying procedures to hinder prompt and desirable reorganizations, and yet provide for appeals on well-founded grievances, by only the most directly concerned and interested bodies.

We are satisfied under the provisions of chapter 275, Code of 1958, that the Redfield Community School District had no right to participate in this action, either in its own behalf or in behalf of the residents of the controversial 13 sections in the Linden district.

II. Appellee further contends that even though it may not be an aggrieved party which is permitted the right to appeal under sections 275.8 and 275.16, Code of 1958, yet it has such an interest in upholding the action of the joint county board of excluding the Linden 13 sections as will permit it to intervene in the appeal under the provisions of rule 75, R. C. P.

It argues that its objection on its own behalf and on behalf of 122 residents within the included territory, based upon a preference that these sections should be included in a proposed Dexfield reorganization plan in which the Redfield district was interested, was upheld by the joint county board, thus establishing in it a real interest to sustain. Without passing on the right of appellee to file objections before the joint county board, there is no merit to the contention that, as a result of the board determination, appellee had acquired a legal right or interest in the pending reorganization.

Rule 75, R. C. P., provides: "Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

In Cook, Iowa Rules of Civil Procedure, Revised Edition, Volume 1, page 505, the author expresses the opinion that this rule makes no change in the existing law as to when an intervention is permitted. Therefore, prior decisions are applicable. In re Estate of Smith, 240 Iowa 499, 36 N.W.2d 815, 8 A. L. R. 2d 640; Edgington v. Nichols, 242 Iowa 1091, 49 N.W.2d 555.

■ While it is true we said in In re Incorporation of Town of Waconia, 248 Iowa 863, 869, 82 N.W.2d 762, 765, that "Intervention is remedial and should be liberally construed to the end that litigation may be reduced and more expeditiously determined", we also said therein: "* * * it is clearly the law that an intervenor must bring himself within the terms of the statute, rule 75 * * *."

The question as to what constitutes an interest "in the subject matter of the litigation" such as will substantiate the right of intervenor was extensively discussed in Terrill v. Killion, 246 Iowa 1137, 1140, 70 N.W.2d 835, 836, and also in Dean v. Clapp, 221 Iowa 1270, 1273, 268 N.W. 56. In the Dean case it was decided that where a mere stranger to a cause of action or proceeding appeals from an order approving sale of an item of personal property belonging to a trust, his only relation to the matter being that he desired to purchase and was willing to pay more, was not such an interest as would permit him to intervene. The court found, as we must find here, that the intervenor was only a mere speculator who had no more interest than any other person who might wish to acquire that property. As to the controversy, he was a mere interloper.

Much to the same effect is the Terrill case, supra, which cites the case of Massachusetts Bonding & Ins. Co. v. Novotny, 200 Iowa 227, 230, 202 N.W. 588, 590. In that case we said: "In Iowa, intervention is governed by statute; and, if a person attempts to take advantage of this remedy without bringing himself within the provisions of the statute, he is considered a mere 'interloper', who acquires no rights by his unauthorized interference * * *."

The difficulty with appellee's position here is that in spite of its hopes and desires it has not shown itself as included within the provisions of any statute establishing in it any interest in this reorganization. In fact, the legislature throughout chapter 275 has made it abundantly clear that it desires no interference with a reorganization proceeding by outsiders once the petition is filed until the reorganization is completed, dismissed, or abandoned. See State ex rel. Harberts v. Klemme Community School Dist., supra, 247 Iowa 48, 72 N.W.2d 512. Thus,

it must be concluded that after the petition was filed for the reorganization of the Panora-Linden districts, only those parties, counties, or districts residing or having territory within the proposed district have such an interest as will permit intervention or participation in an appeal to the State Board of Public Instruction or a court of record, and then only by the parties designated in section 275.8, Code of 1958. Board of Directors of Stanton v. Board of Education of Montgomery County, 251 Iowa 589, 102 N.W.2d 159.

We are not unmindful of the provisions of section 275.34 which were added by the Fifty-seventh General Assembly, but believe they did no more than express the thought we announced in Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787, that the legislature did not nor could it deny to any person or district whose interest was established, the right to challenge the authority by which some action was being taken. The Hohl case, of course, was not an appeal, but a certiorari action brought by residents and landowners *within* the area involved in the proposed reorganization, and we pointed out therein the distinction between the right to appeal and the right to challenge the jurisdiction to act. In either case, however, the party must have an interest legally recognizable, and thus the holding there does not aid appellee here. Section 275.34, of course, does not itself create any right, but only provides: "* * * Nothing herein shall be construed as affecting the rights of any school district, person or persons from bringing or engaging in any action in law or equity now granted or preserved to such school district, person or persons."

There is also no merit to the contention that as the agent or representative of persons residing within the territory involved, the appellee board of directors could *resist* the plaintiffs' effort by appeal to have the controversial 13 sections included in the reorganization. We find no authority for such representation except where the district has territory involved. Even if such authority was provided by the legislature, it would seem the appellee here would have no greater right to intervene or appeal than the individuals it claims to represent. As explained in Division I, this right was not provided in section 275.8.

Furthermore, it is doubtful without legislative authority that funds of a district could be used to aid parties residing outside its own territory.

We are satisfied appellee had no such right or interest as to permit it to participate or intervene in this appeal. In fact, its interest is merely hopeful, covetous or anticipating. Appellee must await patiently the outcome of the existing reorganization proceeding and may then act as its interest may require. It cannot interfere with the reorganization pending, directly or indirectly. It is an interloper, having no right to intervene as an interested party, and barred from appeal as not an aggrieved party. We must, therefore, conclude the trial court was in error in not sustaining plaintiffs' motion to dismiss appellee's petition of intervention.

■ III. The contention that the petition of intervention filed herein is defensive and that one may engage in appeal litigation once commenced, although he may not commence it, has no merit. His interest must be a legally-recognized interest to participate at all. To intervene in such an appeal, the party intervening must have a standing or interest sufficient to maintain the original appeal. There is no difference under chapter 275 whether the aggrieved party appeals or responds to an appeal. The limitations in sections 275.8 and 275.16 are the same. The purpose of such limitations is to restrict appeals to representative bodies interested in the territory involved in the proposed reorganization, and any other holding would tend to avoid this clearly-announced purpose of the legislature.

Thus we must conclude the Redfield Community School District, which was not an aggrieved party, had no such interest as would permit it to intervene in an appeal by a designated party.

■ IV. The contention that we should dismiss this appeal for the reason that timely notice of appeal was not given, which deprives the court of jurisdiction, is more troublesome. The trial court's order was entered August 1, 1959, and on August 10, 1959, an application for an interlocutory appeal was filed in the Supreme Court. The hearing was set for August 26, 1959, but this court caused a postponement until September 9, 1959.

This carried over the thirty days required for a notice of appeal under rule 335, R. C. P., and it is true plaintiffs did not specifically request an extension of time to file the notice. However, it may be argued that when the court itself postponed the hearing, it inferentially granted plaintiffs additional time in which to file the required notice. That would be the reasonable intention, for this court would not participate in a manner which would likely result in a dismissal of applicants' appeal even before the application was heard. As a matter of fact, so much misunderstanding has occurred in cases involving applications for interlocutory appeals that several members of the court are specifically calling counsels' attention to the requirements of the rule when the application is made. Clearly, when an application is set for hearing in such matters, there should be an extension without request for at least five days after the ruling thereon.

As a result of this apparent trap, this court has consistently refused to dismiss cases for failure to timely apply for extensions, but has accepted various excuses and found waiver of strict compliance with rule 335 in such cases. Eggermont v. Service Life Ins. Co., 237 Iowa 301, 21 N.W.2d 761; Stolar v. Turner, 236 Iowa 628, 19 N.W.2d 585; In re Estate of Robertson, 246 Iowa 685, 68 N.W.2d 909. In the case before us we have once refused to dismiss the appeal on that ground, and while as to the jurisdiction question that refusal is not binding, consistency requires that we find in these circumstances the equivalent to an extension of time to file notice of appeal in this court's act of postponement. Therefore, it is concluded that we do have jurisdiction to entertain this appeal.

Having so determined, we also hold the appellee without interest sufficient to permit it to intervene in plaintiffs' appeal and direct that its petition of intervention be stricken and dismissed.—Reversed and remanded.

HAYS, PETERSON and GARRETT, JJ., concur.

THOMPSON, GARFIELD and THORNTON, JJ., dissent.

OLIVER, J., not sitting.

THOMPSON, J. (dissenting in part)—I dissent from Division IV of the majority opinion, and think we should hold the failure to serve a notice of appeal within thirty days from the date of the order appealed from requires a dismissal for want of jurisdiction. The reasons for this are set out in the dissenting opinion in In re Estate of Robertson, 246 Iowa 685, 68 N.W.2d 909, and need not be repeated here.

However, it is appropriate to point out that the other two cases cited by the majority to uphold its position in the instant case do not aid it, but rather confirm the position taken in the dissent in the Robertson case. Stolar v. Turner, 236 Iowa 628, 640, 19 N.W.2d 585, 590, was concerned only with Rules of Civil Procedure 340 to 353 inclusive and we were careful to point out rule 371, which reserved to this court the right to revoke, supplement or change any of the rules which provide the procedure on appeals, " 'except Rules 331–339 inclusive.' " We were concerned in the Stolar case particularly with rule 342, and we held we had power to waive its strict provisions. It prescribed the time for filing abstracts of the record.

But we also said, page 639 of 236 Iowa, page 590 of 19 N.W.2d: "Since these Rules of Civil Procedure have the effect of repealing statutory provisions and take the place of such statutory provisions, it might appear that they should be given the same application as statutes. There is force to such theory, with one exception." The opinion then proceeds to set out rule 371, supra, as a justification for refusal to strictly apply rule 342. There is no support for the majority's statement that we "accepted various excuses and found waiver of strict compliance with rule 335" in the Stolar case. Not only was rule 335 not involved in that case, but the inference from the language quoted above is that we do not have the right to waive compliance with it or any other of rules 331 to 339 inclusive.

Eggermont v. Service Life Insurance Co., 237 Iowa 301, 21 N.W.2d 761, likewise lends no aid to the majority's position. Rather it seems directly in point that there is lack of jurisdiction. In that case the application for an interlocutory appeal was not filed until more than thirty days after the ruling from which appeal was sought. We held lack of jurisdiction and

denied the application. It was pointed out that Stolar v. Turner, supra, turned upon the provisions of rule 371, placing rules 340 to 353 inclusive in the same category as domestic rules of the court, and so under appropriate circumstances strict compliance might be waived. But we said, pages 303, 304 of 237 Iowa, page 762 of 21 N.W.2d: "However, rule 335, as amended, does not fall within that category. Under repeated pronouncements of this court, and under our interpretation thereof in Stolar v. Turner, supra, rule 335 is analogous to a statutory requirement and must be strictly complied with."

The holding of both the Stolar and Eggermont cases is that we may excuse or waive compliance with rules 340 to 353 inclusive because they have the status of domestic rules of the court and such excuse or waiver is expressly permitted by rule 371; but that rules 331 to 339 inclusive are analogous to statutory requirements, are expressly excepted from the terms of rule 371, and must be strictly complied with.

The majority says when the court postponed the hearing it inferentially granted plaintiff additional time in which to file the required notice. The question naturally arises, how much time? The order granting the appeal was entered on September 9, 1959; the notice was filed on October 6 next. I cannot agree that if the time for hearing on an application for an appeal from an order before final judgment is not set until after thirty days from the date of the order, the applicant is thereby relieved from compliance with the plain provisions of the rule. It says the time for filing the notice may be extended "and the appeal, in such event, may be perfected within the time thus specified." It is not difficult for counsel for an applicant to read this rule, or to comply with it. It is not obscure, nor ambiguous, nor difficult to find in the books. There is no reason apparent to me why this court should not follow the rule; why we should not hold, in the language of the Eggermont case, that it should be "strictly complied with." Indeed, we have no right to do otherwise. There is no good reason for misunderstanding in regard to the rule, which is plainly written. While I have no great objection to "calling counsels' attention

to the requirements of the rule when the application is made", I see no more reason for so emphasizing this rule than any other. All of them are printed in available Codes or compilations.

The majority says "this court would not participate in a manner which would likely result in a dismissal of applicants' [plaintiffs'] appeal even before the application was heard." I do not think it the responsibility of this court to see to the proper and timely service of notice of appeal, or to see that time is extended where it may be necessary, as rule 335 permits. It is a simple matter for the attorney seeking leave to appeal from an order before final judgment, at the time he presents his application to this court, to ask and secure an order extending the time for service of notice of appeal for five or ten or other reasonable number of days after the appeal is allowed. It should no more be the duty of the court to advise him to procure this order than it is of the trial court to advise that additional time in which to file a motion for new trial must be secured, or that only thirty days are allowed to appeal from a final judgment. Doing any of these things is in effect advising one party to the litigation how to try his case, to effect his appeal, and to that extent the court abandons its attitude of impartiality and becomes a partisan of the party receiving the advice. It should be the responsibility of the party seeking the appeal to see that his procedures are in accordance with the statutory rules.

I would hold lack of jurisdiction.

GARFIELD and THORNTON, JJ., join in this dissent.