Hazel I. BROOKS, on her own behalf and as Next Friend for Michael Keith Brooks, Terry David Brooks, Tonya Lea Brooks, and Kevin Dean Brooks, minor children of Plaintiff and Ronald Brooks, Appellee and Cross-Appellant,

v.

Raymond C. ENGEL, d/b/a Cold Wave Tavern, Appellant and Cross-Appellee.

No. 52972.

Supreme Court of Iowa.

June 11, 1968.

Rehearing Denied Sept. 4, 1968.

McDonald & McDonald, Davenport, for appellant, cross-appellee.

Newport, Wine & Schebler, Davenport, for appellee, cross-appellant.

MOORE, Justice.

On July 19, 1967 plaintiff filed her one count petition for loss due to her husband's drowning in the Mississippi river July 30, 1966. She alleged defendant sold beer and whiskey to her husband which caused him to become intoxicated after which he fell or jumped from a boat. In paragraph 7 she based her cause on violation of section 129.2, Code, 1966 and in paragraph 8 on violation of section 123.95. These two sections are commonly referred to as the Dram Shop Acts.

Defendant filed multiple motions including a motion to strike plaintiff's claim for $50,000 exemplary damages and a motion to dismiss based on plaintiff's failure to allege plaintiff's husband drowned within the territorial limits of Iowa. On November 2, 1967 the trial court sustained defendant's motion to strike the allegation of exemplary damages and overruled defendant's motion to dismiss plaintiff's petition. The court ruled section 123.95 has extraterritorial effect and section 129.2 does not.

On November 10 defendant filed an application for permission to appeal from the interlocutory order overruling his motion to dismiss. This was followed by plaintiff's application filed November 15 asking permission to appeal from the adverse ruling on defendant's motion to strike. These applications were heard by three members of this court and permission to appeal was granted to each party on November 24, 1967. The order included a provision defendant file an abstract of record within 45 days. Over a period of several months the record and briefs and arguments were filed and this matter was orally argued to this court on May 7, 1968.

Our search of the printed record reveals no reference to any filing of a notice of appeal by either party. Rule 340, Rules of Civil Procedure, requires all proceedings in the case material to the appeal be shown in the record. It is important the record show the notice of appeal and date thereof. Culligan Soft Water Service v. Berglund, 259 Iowa 660, 663, 145 N.W. 2d 604, 606 and citations. As authorized by rule 341 we have inquired and find no notice of appeal has been filed by either party in the office of the clerk of the trial court.

Rule 335, R.C.P., provides: "Time for Appeal. Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or for judgment notwithstanding the verdict is filed as provided in Rule 247, and then within thirty days after the ruling on such motion; provided however, that, where an application to the supreme court or any justice thereof to grant an appeal in advance of final judgment under Rule 332 is made within thirty days from the date of such ruling or decision, the supreme court or any justice thereof may extend the time for filing the notice of appeal in the event the appeal is granted and the appeal, in such event, may be perfected within the time thus specified.

"Provided, however, a cross-appeal may be taken within said thirty-day period, or in any event within five days after the appeal is taken."

In 4 Cook, Iowa Rules of Civil Procedure, Revised Ed., page 140, the author's comment regarding rule 335 is: "This Rule is mandatory and jurisdictional. It differs in this respect from the other steps *after* appeal is taken, which may be enlarged or waived. Neither the adverse party nor the court can waive or enlarge the time fixed by this Rule. Being jurisdictional, the court must dismiss a late appeal on its own motion, even if the point is not raised. Former decisions on the jurisdictional effect of a late appeal still govern."

In Stolar v. Turner, 236 Iowa 628, 19 N.W.2d 585, we analyze our Rules of Civil Procedure and hold rule 335 does not fall within the category of rules which may be waived. In Eggermont v. Service Life Ins. Co. of Omaha, Neb., 237 Iowa 301, 303, 304, 21 N.W.2d 761, 762, we say: "Under repeated pronouncements of this court, and under our interpretation thereof in Stolar v. Turner, supra, Rule 335 is analogous to a statutory requirement and must be strictly complied with." We therein held an application to appeal from an interlocutory order filed 34 days after the date thereof was not timely since notice of appeal required by rule 335 was not filed within the 30 day period. Hence the court was without jurisdiction to extend the time for giving notice of appeal.

■ The right to appeal is statutory and in civil cases is governed by our Rules of Civil Procedure. Only after compliance with the rules does this court have jurisdiction to entertain an appeal. Culligan

Soft Water Service v. Berglund, supra; Hagmeier v. Dryden Rubber Division of Sheller Mfg. Corporation, 245 Iowa 1121, 1123, 1124, 66 N.W.2d 111, 112 and citations.

We have consistently held rule 335 is mandatory and jurisdictional. Sandler v. Pomerantz, 257 Iowa 163, 165, 131 N.W.2d 814, 816; Neff v. Iowa State Highway Commission, 253 Iowa 98, 102, 111 N.W.2d 293, 296; Jackson v. Jackson, 248 Iowa 1365, 1368, 85 N.W.2d 590, 593; Burt v. Burt (not in Iowa Reports) 35 N.W.2d 847, 848.

■ In the past a majority of this court has been lenient in granting additional time for giving notice of appeal when the order granting permission to appeal from an interlocutory order was made more than 30 days thereafter but we have always required notice of appeal be given. See Board of Directors of Linden Consolidated School District etc. v. Board of Education in and for Dallas County, 251 Iowa 929, 103 N.W.2d 696 and In re Estate of Robertson, 246 Iowa 685, 68 N.W.2d 909. The case at bar is readily distinguishable from these two cases as here the order granting permission to appeal was made 22 days after the rulings complained of and the parties had plenty of time within the 30 day period to file notice of appeal. No such notice has been given. We are without jurisdiction to entertain the appeal of either party.

Appeal dismissed without prejudice to the parties to assert their claimed errors after a final order in this cause by the trial court.

Appeal dismissed.
All Justices concur.