TEMPLETON INDEPENDENT SCHOOL
DISTRICT and the Board of Directors
thereof, Appellants,

v.

CARROLL COUNTY BOARD OF
EDUCATION et al., Appellees,

Manning Community School District of
Carroll et al., Intervenors-Appellants.

EDEN TOWNSHIP SCHOOL DISTRICT
and the Board of Directors
thereof, Appellants,

v.

CARROLL COUNTY BOARD OF
EDUCATION et al., Appellees,

Manning Community School District et
al., Intervenors-Appellants.

MANNING COMMUNITY SCHOOL
DISTRICT et al., Appellants,

v.

CARROLL COUNTY BOARD OF
EDUCATION et al., Appellees,

Eden Township School District et al.,
Intervenors-Appellants.

No. 56674.

Supreme Court of Iowa.

Ronald H. Schechtman, Carroll, for Templeton Independent School District, and others, and Eden Township School District, and others.

Hansen & Bunz, Manning, and James Furey, Carroll, for Manning Community School District, and others, plaintiffs-appellants and intervenors-appellants.

Hanson & Barron, Audubon, and David E. Green, Carroll, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS, and McCORMICK, JJ.

RAWLINGS, Justice.

Presented here are three cases, consolidated on hearing below and for appellate review, all involving validity of school attachments effected by the Carroll County Board of Education (county board) pursuant to Chapter 275, The Code 1971. We affirm on all three cases.

By appeals to Carroll District Court the Templeton Independent School District

board of directors (Templeton) (cause # 23586) and Eden Township School District board of directors (Eden) (cause # 23587) contested portional attachments of Templeton and Eden, neither having a high school, to the Manning Community School District (Manning) which maintains such a school. In both of the above causes defendants are the county board and individual members thereof. Manning, along with Raymond Weitl (Weitl) of Eden and Andrew Brincks (Brincks) of Templeton intervened in the aforesaid causes, thereby becoming aligned with defendant county board.

On appeal to said district court Manning (cause # 23593) challenged portional attachments of Templeton and Eden to the Carroll Community School District (Carroll). Here again defendants are the same as in the first two causes noted above. Templeton and Eden intervened in Manning's appeal, thereby also becoming aligned with defendant board.

No useful purpose will be served by here relating the substance of all pleadings and preliminary trial court skirmishing in the aforesaid cases.

After hearing on causes # 23586 and 23587 trial court held the county board did not act arbitrarily, capriciously and unreasonably in attaching parts of Templeton and Eden to Manning.

In cause # 23593 trial court determined Manning, Weitl and Brincks were not aggrieved parties entitled to appeal from the county board action and, alternatively, assuming arguendo Manning, et al. were aggrieved parties the county board did not act arbitrarily, capriciously and unreasonably in attaching portions of Templeton and Eden to Carroll.

All three appeals to Carroll District Court and related interventions were dismissed, with injunctions previously issued ordered dissolved.

Issues here raised by Templeton, Eden and Manning, et al. will be later stated and considered.

■ I. At the outset it is understood courts in this jurisdiction will not weigh the wisdom of legislative action by county boards of education acting pursuant to statutory authority.

In LaMotte I.S.D. v. Jackson County Board, 261 Iowa 961, 964, 155 N.W.2d 423, 425 (1968), we said:

"[T]his court has consistently held, we can interfere in these local legislative matters only where it is alleged and appears a school board has exceeded its jurisdiction, or any challenged action taken by it is arbitrary, unreasonable and without support in the record."

And as stated in Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d 158, 167 (Iowa 1971):

" 'Arbitrary, capricious and unreasonable action on the part of an administrative agency occurs when it can be said to be without rational basis; unconsidered, willful and irrational choice of conduct, unsupported by competent and substantial evidence. * * *.' "

■ II. Noticeably, neither Templeton nor Eden (plaintiffs) contend the county board lacked requisite jurisdiction to act in the matters instantly involved. Rather, the position here taken is that in effecting portional attachments of Templeton and Eden to Manning the county board (1) violated the "law of the case" and (2) in each instance acted arbitrarily, capriciously and unreasonably.

These contentions will be considered in the order presented.

With regard to said law of the case assertion, we have held:

"It is the settled rule that the decision of this court upon a prior appeal becomes the law of the case and is to govern upon a subsequent trial thereof in the district court and upon another appeal unless the facts before the court upon the subsequent trial are materially different from those appearing upon the prior trial." Schroedl v. McTague, 169 N.W.2d 860, 863 (Iowa 1969).

See also In re Lone Tree Com. School Dist. of Johnson & Louisa, 159 N.W.2d 522, 527 (Iowa 1968); Lawson v. Fordyce, 237 Iowa 28, 32–40, 21 N.W.2d 69 (1945); 5 Am. Jur.2d, Appeal and Error, §§ 748–749.

Based on the foregoing doctrine, plaintiffs argue the county board, and in turn trial court, failed to apply the law of the case as to attachment of areas here affected. In support thereof reference is made to Eden Township Sch. Dist. v. Carroll County Bd. of Ed., supra, which involved, in substance, the same parties and school districts as are present in causes # 23586 and 23587. We there affirmed trial court's ruling, holding null and void the attachments of Templeton-Eden areas to Manning because they were arbitrarily, capriciously and unreasonably effectuated. Our affirmance was based on the fact that since preferences of residents of other school districts had been previously considered by the county board in effectuating attachments, it was in turn arbitrary, capricious and unreasonable for the board not to similarly respect the desires of Templeton and Eden residents regarding attachments to Carroll. Plaintiffs construe this holding, as here applied, to mean any subsequent attachments inconsistent with residents' wishes would be deemed arbitrary, capricious and unreasonable.

On the other hand, defendant county board contends the law of the case as set forth in Eden Township Sch. Dist., supra, and applicable hereto requires only that in attaching the disputed areas to public school districts the wishes of residents in the contested areas be considered, not that the board is obligated to comply therewith.

A study of Eden Township Sch. Dist. opinion leads to the conclusion it must be given the interpretation urged above by the county board. To hold otherwise would render meaningless this pertinent statement, 181 N.W.2d at 168:

"We do not interpret the [trial] court's decree as proscribing later attachments of the area involved to Manning by the board if done after consideration of all pertinent data and without arbitrariness or abuse of discretion." (emphasis supplied).

Obviously the above italicized language refers to criteria set forth in Code § 275.2 to be considered by a county board in effecting school attachments. Had this court intended to make the wishes of Templeton and Eden residents dispositive, implied reference to factors set forth in § 275.2 would have been entirely inconsistent therewith.

Moreover, adoption of plaintiffs' foregoing interpretation of Eden Township Sch. Dist., supra, would amount to judicial usurpation of legislative powers. Stated otherwise, this court has neither the right to ignore the statutory criteria set forth in § 275.2 nor the power to provide a substitute for same, i. e., compulsory adherence to the wishes of attached school area residents. In effect plaintiffs would have us do just that.

Mindful of the foregoing we must now determine whether expressed desires of Templeton and Eden residents were considered by the county board.

A review of the record discloses adequate opportunity was afforded Templeton and Eden residents to make their wishes known

to the county board regarding attachment preferences. Furthermore, the county board did fairly consider the desires expressed.

Maurice Campbell [board member] testified: "If I had not considered the wishes of the people of the area, I would have been in favor of attaching the entire area to Manning."

Michael Hall [board member] testimonially stated: "The meetings in February and March of 1971 had approximately 75 to 100 people present and everyone had a chance to make their wishes known. I listened to what they had to say and I considered their wishes in my deliberations on this matter."

Other board members, Edgar Snyder, Clifford M. Johnson and J. Harold Rice testified even more extensively to the same effect.

The mere fact the county board did not see fit to attach all involved areas in Templeton and Eden to Carroll does not support a finding of arbitrariness by the county board.

Plaintiffs' law of the case assignment is without merit.

III. Did the county board act arbitrarily, capriciously and unreasonably in attaching portions of Templeton and Eden to Manning?

Factors to be considered by a county board in effecting attachments and reorganization of school districts are thus explicitly spelled out in § 275.2.

"The adequacy of the educational program, average daily attendance of pupils, property valuations, existing buildings and equipment, natural community areas, road conditions, transportation, economic factors, and such other matters that may bear on educational programs meeting minimum standards required by law."

These elements will be considered in light of the record.

(A) EDUCATIONAL PROGRAMS.

■ As of April 19, 1971, when the instantly involved attachment resolutions were passed, neither Templeton nor Eden maintained any school system except for a kindergarten operated in the former. Prior to the attachments the public school students in both Templeton and Eden apparently went to Manning. As a result of the attachments approximately 17 of them will attend Manning and 23 will go to Carroll.

A comparison of Manning and Carroll discloses they are, in large part, equal with respect to educational facilities provided. Some differences do exist, however, with respect to "shared-time" programs.

Presently two high schools, one parochial and the other public, both functioning in the City of Carroll, maintain shared-time arrangements. Though the record does not disclose the substance or extent thereof it appears they are foundationed upon a reciprocal agreement whereby students enrolled in either of the aforesaid institutions can attend morning classes at one place and afternoon sessions at the other. This program apparently affords a broader range of course work. Manning does not now maintain a similar program.

A majority of students from the Templeton and Eden school districts attend parochial school in Carroll. These students are accordingly entitled to participate in shared-time programs. In view of the attachments to Manning, it is apparently argued students in the Manning-attached portions of Templeton and Eden attending said parochial school will be unable to participate in the aforesaid shared-time program. And, in event Manning should later enter into a shared-time arrangement with the parochial school in Carroll, travel problems will virtually preclude any student inter-

change between these schools. Plaintiffs urge the county board failed to consider the foregoing problem in ordering the instant attachments.

Plaintiffs' contention has some degree of merit. Obviously students from the Templeton-Eden districts presently attending parochial school in the City of Carroll will encounter increased difficulty in the matter of transportation between Manning and said parochial school in the event a shared-time program is initiated in the former. Be that as it may, we are not inclined to give this factor undeserving weight in reviewing the reasonableness of the county board's decision. It was only one of many elements to be weighed. Moreover, the record does not disclose the county board failed to consider this shared-time situation in arriving at the ultimate decision made.

### (B) EDUCATIONAL FACILITIES, AVERAGE DAILY SCHOOL ATTENDANCE, TRANSPORTATION, ROAD CONDITIONS.

■ The record further reveals the county board did weigh educational facilities providing by Manning and Carroll and determined them both adequate for all purposes. Consideration was also clearly given the matter of transportation, road conditions and average daily attendance at each affected school.

Those portions of Templeton and Eden attached to Manning are geographically closer to the latter than to Carroll.

With regard to average daily attendance the teacher-pupil ratio at Manning is approximately 25 students per teacher and about 30 students to each teacher at Carroll. These factors were all considered by the county board.

### (C) ECONOMICS.

Carroll County Superintendent of Schools, Lyle Tenold, testified the assessed valuation of Carroll community is approximately $36,000,000 whereas that of Manning is about $10,000,000. Although minimal importance was accorded this factor, the record shows it did play a part in the county board's decision.

Edgar Snyder [board member] testified: "The Manning School [community's assessed value] was about one-third of what the Carroll Community was * * *. I felt that Manning needed some larger tax area."

Maurice Campbell [board member] testimonially stated:

"[W]e still had the criteria of trying to balance the economic factors of the property value behind each pupil and we needed more taxable value in the Manning School District. Part of the criteria for this attachment was to broaden the tax base of Manning."

"I considered property valuations and there was no question in my mind but what, in order to give equal opportunity to each pupil, Manning was in greater need of additional area than was Carroll Community. By that I mean additional tax base."

No useful purpose will be served by pursuing this subject further. Conspicuously absent from the record is any evidence lending support to plaintiffs' instantly involved contentions. Trial court determined and we now hold the county board's decision to attach portions of Templeton and Eden to Manning was not arbitrary, capricious and unreasonable.

Consequently, the appeals to this court by Templeton and Eden, causes # 23586 and 23587, are each and both without substance.

■ IV. The problem now to be resolved regarding portional attachments of Templeton and Eden to Carroll is whether Manning, Weitl and Brincks were aggrieved

parties entitled to appeal the attachment to district court.

As previously stated, the appeal by Manning, et al. to Carroll District Court (cause # 23593) was dismissed by trial court because Manning, Weitl and Brincks were not "aggrieved parties" within the meaning of Code § 275.8 and, alternatively, the county board's portional attachments of Templeton and Eden to Carroll were not arbitrary, capricious and unreasonable. By virtue of our holding *infra* we do not reach this alternative holding.

Chapter 275, The Code 1971, relates to "reorganization of school districts". To the extent here material § 275.1 says:

"It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1966. If any area of the state is not a part of such a district by April 1, 1966, or is not included in a reorganization petition filed in accordance with section 275.12 on or before April 1, 1966, the area shall be attached by the county board of education to a district, or districts maintaining twelve grades * * *. *Any such district or part thereof attached by the county board of education * * * shall have the right to appeal this attachment to a court of record in the county in which said district or part thereof is located * * *.*" (emphasis supplied).

And § 275.8 states, in relevant part: "An aggrieved party is hereby defined as the board of directors of a school district whose * * * districts are included in the proposed reorganized area, or a county board of education."

Focusing upon that portion of Code § 275.8, quoted above, we observed in Board of Directors v. Board of Education, 251 Iowa 929, 933, 103 N.W.2d 696, 699 (1960): "Obviously the legislature desired to limit the right to appeal by parties legally interested through certain representative bodies *whose territory was involved in the proposed reorganization, and by no others.*" (emphasis supplied).

Obviously no Manning territory was involved in the portional attachments of Templeton and Eden to Carroll. Therefore Manning had no standing to appeal from the county board action.

Also, as to the italicized language in Code § 275.1 set forth above, this court said in Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d at 163–164:

"*The limitation in the quoted provision restricting appeals to courts of record to 'any such district or part thereof' involved in attachments made by the county board of education with the approval of the state board of public instruction neither expressly nor by implication gives a right of appeal to individual members or those allied with them by intervention. The purpose of such limitation is to restrict appeals to a court of record by parties allegedly interested through certain bodies whose territory was involved in the proposed attachments and by no others,* any other holding would tend to avoid this clearly-announced purpose of the legislature." (emphasis supplied).

It is thus manifest neither Weitl nor Brincks had standing to join in the aforesaid appeal by Manning since such individuals could do no more than look to and depend upon their respective school boards or the county board to act for them. See Board of Directors v. Board of Education, 251 Iowa at 933–934, 103 N.W.2d 696.

We now hold trial court did not err in dismissing the appeal by Manning, Weitl and Brincks to Carroll District Court (cause # 23593).

Affirmed on all appeals.